# WATER RIGHTS AGREEMENT

* * * *

Between The State Of Idaho
And The United States,
For The United States
Department of Energy

# WATER RIGHTS AGREEMENT BETWEEN THE STATE OF IDAHO AND THE UNITED STATES, FOR THE UNITED STATES DEPARTMENT OF ENERGY

## Table Of Contents

Page(s)

1. PREAMBLE....1
2. DEFINITIONS....1
3. SCOPE OF AGREEMENT....5
4. PARTIES AND AUTHORITY....6
5. WATER RIGHT OF THE UNITED STATES....6
6. ADMINISTRATION OF WATER RIGHTS....8
7. WATER TRANSFER....10
8. FINALITY OF SETTLEMENT AGREEMENT....11
9. DISCLAIMERS AND RESERVATION OF RIGHTS....12
10. SEVERABILITY....15
11. SUCCESSORS....15
12. ENTIRE AGREEMENT....15
13. EFFECT OF HEADINGS....16
14. MULTIPLE ORIGINALS....16
15. EFFECTIVE DATE....16

APPENDIX

Notice of Claim to Water Right No. A25-07263
Notice of Claim to Water Right No. A35-12693
Notice of Claim to Water Right No. A36-13983
Notice of Claim to Water Right No. A86-10673

# WATER RIGHTS AGREEMENT BETWEEN THE STATE OF IDAHO AND THE UNITED STATES, FOR THE UNITED STATES DEPARTMENT OF ENERGY

The State of Idaho and the United States agree as follows:

## 1. Preamble

1.1 The State of Idaho, pursuant to Idaho Code § 42-1406A (Supp. 1989) has commenced a general adjudication of the rights to the use of the water from that portion of the Snake River Basin located in the State of Idaho.

1.2 Idaho Code § 42-1409(3) (Supp. 1989) provides that a claimant of a water right reserved under federal law may submit a negotiated agreement between the State of Idaho and the claimant in lieu of a notice of claim.

1.3 Executive Order Nos. 85-9 and 87-9 provide that it is in the interest of the State of Idaho to quantify Federal Reserved Water Rights through negotiations.

1.4 The State of Idaho and the United States desire to exercise the right to submit a negotiated agreement quantifying, in part, the rights of the United States to the use of water, pursuant to both federal and Idaho law for the Department of Energy within the Snake River Basin in Idaho.

## 2. Definitions

2.1 The following definitions apply for the purpose of this Agreement:

.1 "Acre foot" or "AF" means the amount of water necessary to cover one acre of land to a depth of one

foot and is equivalent to 43,560 cubic feet or 325,851 gallons.

.2 "Acre feet per year" or "AFY" means the number of acre feet of water used in a calendar year commencing January 1 and ending December 31.

.3 "Aquifer" means a geologic formation, group of formations, or part of a formation or other body of earth material capable of transmitting water at a rate sufficient for water supply purposes.

.4 "Cubic feet per second" or "CFS" is a unit expressing the rate of discharge. One CFS is equivalent to 448.83 gallons per minute.

.5 "Consumptive use" means the amount of water that is used by any action or process and is not returned to the water system.

.6 "Director" means the Director of the Idaho Department of Water Resources and his successors.

.7 "Diversion" means the removal of water from its natural course or location by means of a ditch, canal, flume, bypass, pipeline, conduit, well, pump, or other act of man, or the impoundment of water in a reservoir.

.8 "Department of Energy" means the United States Department of Energy, which was created by the Department of Energy Organization Act of August 4, 1977, Pub. L. 95-91, 91 Stat. 565, and its successors.

.9 "IDWR" means the Idaho Department of Water Resources and its successors.

.10 "Idaho National Engineering Laboratory" or "INEL" refers to an area of land approximately 890 square miles in size and 50 miles west of Idaho Falls, which was originally acquired or reserved in the following public land orders or condemnation cases:

.i Public Land Order 318 dated May 13, 1946, withdrew and reserved public lands for the use of the Department of Navy as part of a Naval Proving Ground. The public and nonpublic lands aggregate 156,832.75 acres.

.ii Public Land Order 545 dated January 7, 1949. This public land order withdrew and reserved 640 acres of public lands for the use of the Department of Navy as part of a Naval Proving Ground.

.iii Public Land Order 637 dated April 7, 1950, withdrew and reserved public lands for the use of the United States Atomic Energy Commission as a Reactor Testing Station. The public and nonpublic lands aggregate 259,549.8 acres.

.iv Public Land Order 691 dated December 5, 1950, transferred from the Department of Navy to the Atomic Energy Commission the lands reserved by

Public Land Order Nos. 318 and 545 for use in the atomic-energy program.

.v Public Land Order 1770 dated December 19, 1958, withdrew and reserved 123,648 acres of public lands for use of the Atomic Energy Commission in connection with the National Reactor Testing Station in the vicinity of Arco, Idaho.

.vi United States v. 18,217.58 Acres of Land, More or Less, in Butte and Jefferson Counties, Idaho, No. 1227E (D. Idaho October 29, 1945) (preliminary order of condemnation).

.vii United States v. 15,357.16 Acres of Land in Butte, Bingham, and Jefferson Counties, State of Idaho, No. 1624 (D. Idaho September 19, 1951) (final order of condemnation).

.viii United States v. 8617.87 Acres of Land, More or Less, in the Counties of Clark, Butte, Jefferson, Bonneville, and Bingham, State of Idaho, No. 2160 (D. Idaho April 27, 1959) (judgment).

.11 "Parties" means the United States and the State of Idaho.

.12 "Person" means an individual, a partnership, a trust, an estate, a corporation, a municipal corporation, the State of Idaho or any political subdivision, the United States, an Indian tribe, or any other public or

private entity. Idaho Code § 42-1401A(8) (Supp. 1989).

.13 "Snake River Basin Adjudication" or "SRBA" means Civil Case No. 39576 filed in the Fifth Judicial District Court of the State of Idaho in and for Twin Falls County on June 17, 1987, entitled In Re the General Adjudication of Rights to the Use of Water from the Snake River Basin Water System, which was commenced pursuant to Idaho Code § 42-1406A (Supp. 1989).

.14 "State" means the State of Idaho.

**3. Scope of Agreement**

3.1 The purpose of this Agreement is to quantify all existing water rights and claims to water rights of the United States under state and federal law for the use by the Department of Energy in the Snake River Basin in the State, except for the following claims to water rights: Claim Nos. A25-07263, A35-12693, A36-13983 and A86-10673, which have been lodged in the SRBA. Copies of the claims are attached hereto and incorporated herein by reference.

3.2 This Agreement relates to all waters on, under, adjacent to, or otherwise appurtenant to the Department of Energy facilities or lands in the State, except as noted in Article 3.1.

## 4. Parties and Authority

4.1 The Governor has authority to negotiate and execute this Agreement pursuant to Idaho Code § 67-802 (1989) and 1990 Idaho Sess. L., ch. 259.

4.2 The Idaho Water Resource Board has authority to negotiate and execute this Agreement pursuant to Idaho Constitution, art. XV, § 7, Idaho Code § 42-1734(3) (Supp. 1989) and Executive Order Nos. 85-9 and 87-9.

4.3 The Idaho Attorney General has authority to negotiate and execute this Agreement pursuant to his authority to settle litigation as provided for in Idaho Constitution, art. IV, § 1, and Idaho Code § 67-1401 (Supp. 1989) and 1990 Idaho Sess. L., ch. 259.

4.4 The United States Attorney General and any duly designated official of the Department of Justice have authority to execute this Agreement pursuant to the authority to settle litigation contained in 28 U.S.C. § 516-517.

4.5 The Secretary of the Department of Energy and any duly designated official of the Department of Energy have authority to execute this Agreement pursuant to The Department of Energy Organization Act of August 4, 1977, Pub. L. 95-91, 91 Stat. 565.

## 5. Water Right of the United States

5.1 The name and address of the claimant for the water right negotiated and settled by this Agreement is as follows:

United States of America
c/o Department of Energy
Idaho Operations Office
785 DOE Place
Idaho Falls, Idaho 83402

5.2 Water right for consumptive use at the INEL:

.1 Right No. A34-10901

.i Source: Ground water

.ii Amount of Water: The maximum rate of diversion from any and all wells shall not exceed 80 CFS, and the maximum annual diversion shall not exceed 35,000 AFY.

.iii Date of Priority: April 7, 1950

.iv Points of Diversion: Any point within the boundaries of the INEL. Existing and new points of diversion will be reported as described in Article 6.2.

.v Purpose of Use: The primary purposes authorized by Congress for INEL.

.vi Period of Use: January 1 - December 31.

.vii Annual Volume of Consumptive Use: Not to exceed 35,000 AFY.

.viii Place of Use/Legal Description of Reservation: Any place within the boundaries of the INEL.

.ix Basis of Right: Federal Reserved Water Right.

.x Comments: None.

5.3 The United States may also divert water for fire suppression at INEL in accordance with the following

paragraph proposed to be included in the final decree in this matter:

"The use of water for fire suppression benefits the public. Water diverted for fire suppression may be taken randomly, without a definition of the specific elements of a recordable water right, and if so diverted for fire suppression, existing water rights shall not be diminished."

5.4 The right described in this Agreement is a Federal Reserved Water Right with all the characteristics appertaining thereto. Non-use of all or any part of the Federal Reserved Water Right shall not constitute a relinquishment, forfeiture or abandonment of the right.

## 6. Administration of Water Rights

6.1 Administration. The parties are unable to agree upon whether the issue of administration is ripe or otherwise appropriate for decision in the SRBA, and if so, whether and to what extent the Director has authority to administer federal water rights. Accordingly, this Agreement does not address this issue except as expressly provided in Article 6.2. Each party reserves the right to litigate the issue of administration, if and when the need arises.

6.2 Access to and Monitoring of Measuring Devices

.1 The State and the United States mutually assure and agree to provide access and cooperation for

installation and utilization of measuring devices needed for management of the water resources on INEL; provided, however, that access to the INEL will be in accordance with all federal laws and regulations governing access to the INEL.

.2 The Department of Energy voluntarily agrees to provide the State with a comprehensive inventory of all wells (monitoring, production and disposal) at or relating to activities at the INEL. This inventory will include information on the total depth of each well and depth to water, detailed well construction information, well logs, usage information, including detailed information on quantity and quality of fluids discharged, and dates of installation and retooling. Department of Energy will update such information to reflect any plans to construct and actual construction of new wells. As long as paragraph C.4. of Attachment A of the Environmental Oversight and Monitoring Agreement between the Department of Energy and the State of Idaho dated May 21, 1990 remains in effect as originally written, the report provided to the State pursuant to that paragraph will constitute compliance with this paragraph. If paragraph C.4. of Attachment A of the Environmental Oversight and Monitoring Agreement is amended or no longer effective, then the

Department of Energy will separately comply with this paragraph unless otherwise mutually agreed.

.3 The Department of Energy will continue to maintain the water measuring devices it has installed on each existing well used to deliver its water right described in Article 5. The Department of Energy may develop new points of diversion for the water right described in Article 5 and agrees to install a water measuring device on each new point of diversion. The Department of Energy shall monitor each measuring device used to deliver the water right described in Article 5 and report the results each year to the IDWR by March 1st of the year after the reporting year or at such other time as requested, upon reasonable notice. Results reported to IDWR shall include annual volume of water diverted, maximum and average diversion rates and pumping level (water depth).

.4 IDWR shall provide the Department of Energy, at its request, any water district or water measurement report prepared by or for IDWR and any other requested nonprivileged public information in the possession of the State concerning the use of water by other persons.

**7. Water Transfer**

7.1 The United States shall not transfer the Federal Reserved Water Right described in Article 5.2.1.

**8. Finality of Settlement Agreement**

8.1 The parties understand that this Agreement will be submitted to the Director in lieu of a notice of claim in the SRBA, that the Director will submit this Agreement and an abstract of the Agreement to the Fifth Judicial District Court of the State of Idaho in and for the County of Twin Falls as part of a Director's Report, and that state law allows other persons not signatory to this Agreement to file objections to the approval of this Agreement by the Fifth Judicial District Court of the State of Idaho in and for the County of Twin Falls.

8.2 The United States agrees that License Nos. 34-2292 [old no. 21253] and 34-2278 [old no. 19993] will be superseded by the water right identified herein, only upon completion of all judicial proceedings, including appeals if any, together with entry of a final decree containing the water right described in this Agreement. The parties agree that water right claim nos. A25-07263, A35-12693, A36-13983, and A86-10673 shall not be affected by the execution of this Agreement and that water right claim nos. A25-07263, A35-12693, A36-13983, and A86-10673 will be adjudicated in accordance with Chapter 14 of Title 42 of Idaho Code to the extent it is applicable.

8.3 The parties agree to jointly support and defend this Agreement against any and all objections or other

challenges that may arise in any phase of the SRBA, including any appeals, and in securing any necessary ratification of the Agreement.

8.4 The United States' water right for the INEL confirmed in Article 5 shall be final and conclusive as to all parties to the SRBA upon the completion of all judicial proceedings, including any appeals, relative to this Agreement.

## 9. Disclaimers and Reservation of Rights

9.1 This Agreement contains a complete statement of all water rights held by the United States on behalf of the Department of Energy. The United States claims no other existing water rights, under either state or federal law, to the use of water for the Department of Energy within the Snake River Basin in Idaho.

9.2 The United States on behalf of the Department of Energy disclaims any right to seek the maintenance of any specific pumping level for the water right described in Article 5.2.

9.3 The United States on behalf of the Department of Energy disclaims any interest in or claim to water for the Department of Energy from the Snake River Basin Water System as defined in the SRBA other than as expressly set forth in this Agreement.

9.4 This Agreement represents a settlement of a water right that is unique to the INEL. The parties are unable to

agree on whether the Federal Reserved Water Rights doctrine extends to ground water. In order to avoid litigation, however, this Agreement recognizes a Federal Reserved Water Right, as described in Article 5. Because this Agreement is a resolution of a disputed claim, it is not and shall not be used as precedent for any other Federal Reserved Water Right claim in the SRBA.

9.5 This Agreement has been reached in the process of good faith negotiations for the purpose of resolving legal disputes, including pending litigation, and all parties agree that no offers and/or compromises made in the course thereof shall be construed as admissions against interest or be used in any legal proceeding other than one for approval, confirmation, interpretation, or enforcement of this Agreement.

9.6 Entry of judgment as set forth above has been consented to by the parties without trial or adjudication of fact or law herein and without the judgment constituting evidence or an admission by any party, with respect to any such issue, which is, will be, or could be litigated in any proceeding other than the SRBA. *See* McShan v. Omega Louis Brandt et Frere, S.A., 536 F.2d 516, 519 (2d Cir. 1976). Once this Agreement becomes effective as provided by Article 15.1, the water right described in Article 5 of this Agreement shall be binding upon all parties to the SRBA, whether signatory to the Agreement or not.

9.7 Nothing in this Agreement shall be construed or interpreted:

.1 To establish any standard to be used for the quantification of Federal Reserved Water Rights in any judicial or administrative proceeding;

.2 To restrict the acquisition by the United States of any appropriative water right under State law; provided, however, that prior to applying for a permit to appropriate water for use at the INEL, the United States must demonstrate that the water right described in Article 5 is fully used at the time the application is made;

.3 To restrict the United States' power to reserve land or water rights in the future, in accordance with applicable law;

.4 To restrict the United States' power to acquire land in the future, in accordance with applicable law;

.5 To determine the relative rights inter sese of persons using water under the authority of the State or to authorize the taking of a water right which is vested under state or federal law;

.6 To limit in any way the rights of the parties or any person to litigate any issue or question not resolved by this Agreement;

.7 To limit the authority of the United States to manage its lands or water rights in accordance with the

Constitution, statutes, regulations, and procedures of the United States;

.8 To preclude the State or the United States from exercising whatever authority each sovereign government may have to regulate water quality;

.9 To apply to any water rights of the United States other than its water rights for use by the Department of Energy in Idaho;

.10 To commit or obligate the United States to expend funds that have not been appropriated and budgeted;

.11 To restrict, enlarge, or otherwise determine the jurisdiction of any court, state or federal; and

.12 To constitute an admission by the State of the validity of Water Right Claim Nos. A25-07263, A35-12693, A36-13983 and A86-10673.

## 10. Severability

10.1 This Agreement is not severable.

## 11. Successors

11.1 This Agreement shall bind and inure to the benefit of the respective successors of the parties.

## 12. Entire Agreement

12.1 This Agreement sets forth all the covenants, promises, provisions, agreements, conditions, and understandings between the parties and there are no covenants, provisions, promises, agreements, conditions, or understandings, either

oral or written between them other than are herein set forth.

**13. Effect of Headings**

13.1 Headings appearing in this Agreement are inserted for convenience and reference and shall not be construed as interpretations of the text.

**14. Multiple Originals**

14.1 This Agreement is executed in quadruplicate. Each of the four (4) Agreements with an original signature of each party shall be an original.

**15. Effective Date**

15.1 This Agreement shall be effective when all of the following events have occurred:

.1 This Agreement is executed; and

.2 The right described in Article 5 of this Agreement has been confirmed in a decree in the SRBA and such decree has become final and nonappealable.

The parties have executed this Agreement the date following their respective signatures.

**Cecil Andrus**
Governor, State of Idaho

Date

**Augustine Pitrolo**
Manager, Idaho Operations Office
U.S. Department of Energy

JUL 1 1990
Date

**Jim Jones**
Attorney General,
State of Idaho

Date

**Richard B. Stewart**
for Assistant Attorney General
Land and Natural Resources
Division
U.S. Department of Justice

7/20/90
Date

**Gene Gray**, Chair
Idaho Water Resource Board

Date

# NOTICE OF CLAIM TO
# WATER RIGHT NO. A25-07263

Form No. 42-1409 (2) a 1/88

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

**IN RE THE GENERAL ADJUDICATION OF RIGHTS TO THE USE OF WATER FROM THE SNAKE RIVER BASIN WATER SYSTEM**

CIVIL CASE NUMBER: 39576
Ident. Number A25-07263
Date Received ______
Receipt Number ______

# NOTICE OF CLAIM TO A WATER RIGHT

## ACQUIRED UNDER STATE LAW

The foregoing is a true and certified copy of the document on file in the department of Water Resources.
Signed this 2 day of July, 1998
David B. Shaw
Adjudication Bureau Chief

**Please type or print clearly**

1. Name of Claimant (s) United States Department of Energy Phone (208) 526-0276
   Mailing Address 785 DOE Place, Idaho Falls, Idaho Zip 83402
2. Date of Priority (Only one (1) per claim) October 26, 1981
3. Source of water supply (a) groundwater
   which is tributary to (b) ______
4. a. Location of existing point of diversion is: Township 2N Range 38 Section 7,
   SE 1/4 of NE 1/4 of SW 1/4, Govt. Lot, E B.M., County of Bonneville
   Additional points of diversion if any: ______
   b. If instream flow, beginning point of claimed instream flow is:
   Township ______ Range ______ Section ______, ______ 1/4 of ______ 1/4 of ______ 1/4,
   Govt. Lot ______ B.M., County of ______
   ending point is: Township ______ Range ______ Section ______, ______ 1/4 of ______ 1/4 of ______ 1/4, Govt. Lot ______ B.M., County of ______
5. Description of existing diversion works (Dams, Reservoirs, Ditches, Wells, Pumps, Pipelines, Headgates, Etc), including the dates of any changes or enlargements in use, the dimensions of the diversion works as constructed and as enlarged and the depth of each well. well, 300 feet deep, with 25 hp motor driven pump; 6 inch pipe connects well with INEL Research Center, the utilization facility.

6. Water is claimed for the following purposes:

| | | (both dates are inclusive) | | (cfs) | | (acre feet) |
|---|---|---|---|---|---|---|
| For cooling | purposes from | 05/01 | to 10/01 | amount .67 | or | |
| For | purposes from | | to | amount | or | |
| For | purposes from | | to | amount | or | |
| For | purposes from | | to | amount | or | |

7. Total quantity claimed (a) .67 (cfs) and/or (b) ______ (acre feet)

8. Total consumptive use claimed is 152.5 acre feet per annum.

9. Non-irrigation uses; describe fully (eg. Domestic: Give number of households served; Stockwater: Type and number of livestock Etc.) Cooling

10. Description of place of use:

a. If water is for irrigation, indicate acreage in each subdivision in the tabulation below.

b. If water is used for other purposes, place a symbol of use (example: D for Domestic) in the corresponding place of use below. See instructions for standard symbols.

| TWP | RNG | SEC | NE 1/4 | | | | NW 1/4 | | | | SW 1/4 | | | | SE 1/4 | | | | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | NE1/4 | NW1/4 | SW1/4 | SE1/4 | NE1/4 | NW1/4 | SW1/4 | SE1/4 | NE1/4 | NW1/4 | SW1/4 | SE1/4 | NE1/4 | NW1/4 | SW1/4 | SE1/4 | |
| 2N | 38E | | | | | | | | | | L | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |

Total number of acres irrigated N/A

11. In which county (ies) are lands listed above as place of use located? Bonneville

12. Do you own the property listed above as place of use? Yes X No ______
If your answer is No, describe in Remarks below the authority you have to claim this water right.

13. Describe any other water rights used at the same place and for the same purposes as described above.
______ or None ( X )

14. Remarks:

Last Name ______ Ident No. ______ *Copies: White -State, Yellow-Claimant*

Map of Project: show clearly the point of diversion, place of use, section number, township, and range number.

Scale: 2 inches equals 1 mile

T 2N, R 38 EBM




Last Name ____________________ Ident No. ______________

*Copies: White-State, Yellow-Claimant*

15. Basis of Claim (check one) Beneficial Use ______ Posted Notice ______ License X Permit ______ Decree ______

If applicable provide IDWR Water Right Number 25-7263

Court ______ Case Number ______ Decree Date ______

Plaintiff vs Defendant ______

16. Signature (s)

(a.) By signing below, I/We acknowledge that I/We have received, read, and understand the form entitled "How you will receive notice in the Snake River Basin Adjudication." (b.) I/We do ____ do not ____ wish to receive and pay a small annual fee for monthly copies of the docket sheet.

Number of attachments ______

**For Individuals:** I do solemnly swear or affirm that the statements contained in the foregoing document are true and correct.

Signature of Claimant (s) ______ Date ______

______ Date ______

**For Organizations:** I do solemnly swear or affirm that I am Acting Deputy Manager (Title) of United States Department of Energy, Idaho Operations Office (Organization) that I have signed the foregoing document in the space below as Acting Deputy Manager (Title) of United States Department of Energy Idaho Operations Office (Organization) and that the statements contained in the foregoing document are true and correct.

Signature of Authorized Agent [signature]

Title and Organization Acting Deputy Manager, U.S. DOE-ID Date 7-7-89

State of Idaho/or ______ )
) SS.
County of Bonneville )

Subscribed and sworn (or affirmed) before me this 7th day of July 19 89

SEAL

Notary Public Kara VanderLinden

Residing at Idaho Falls, Idaho

My Commission Expires 03/19/92

Please Print Name

17. Notice of Appearance:

Notice is hereby given that I, ______ will be acting as attorney at law on behalf of the claimant signing above, and that all notices required by law to be mailed by the director to the claimant signing above should be mailed to me at the address listed below.

Signature ______

Address ______

Date ______

Last Name ______ Ident. Number ______

*Copies White-State, Yellow-Claimant*

# NOTICE OF CLAIM TO
# WATER RIGHT NO. A35-12693

Form No. 42-1409 (2) b 1/88

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

**IN RE THE GENERAL ADJUDICATION OF RIGHTS TO THE USE OF WATER FROM THE SNAKE RIVER BASIN WATER SYSTEM**

CIVIL CASE NUMBER: 39576
Ident. Number A35-12693
Date Received
Receipt Number

The foregoing is a true and certified copy of the document on file at the department of Water Resources.

Signed this 2 day of July, 1990

David B. Shaw
Adjudication Bureau Chief

RECEIVED
OCT 23 1989
no fee encl.
Department of Water Resources

# NOTICE OF CLAIM TO A WATER RIGHT

ACQUIRED UNDER STATE LAW

For Domestic and/or Stockwater Purposes

Where Daily Use is less than 13,000 gallons per day. Filing fee $25

**Please type or print clearly**

1. Name of Claimant (s) Bonneville Power Administration Phone ( 503) 230-4201

   Mailing Address P.O. Box 3621, Portland, Oregon Zip 97208

2. Date of Priority (Only one (1) per claim) 1983

3. Source of water supply (a) well
   which is tributary to (b)

4. Location of point of diversion is: Township 2N Range 37E

   Section 27 , SW 1/4 of SW 1/4 of ___ 1/4 , Govt. Lot ___ , B.M.,

   County of ~~Bonneville, approximately 898~~ feet east and 100 feet north of SW¼corner.

   Additional points of diversion if any:

5. Description of existing diversion works (Ditches, Wells, Pumps, Pipelines, Headgate Etc), including the dates of any changes or enlargements in use, the dimensions of the diversion works as constructed and as enlarged and the depth of each well. Well at the west side substation; jointly used by BPA and the City of Idaho Falls to serve the substation.

6. Water is claimed for the following: (Limited to Domestic and/or Stockwater only. See Instructions)
   (Both dates are inclusive) (cfs)

   For domestic purposes from 1983 to present amount 1/2 cfs (20 gal/min.)

   For ___ purposes from ___ to ___ amount ___

7. Total quantity claimed 1/2 (cfs)

8. Total consumptive use claimed is *de minimus*

9. Non-irrigation uses. Describe fully. (Domestic: give number of households served; Stockwater: Type and number of livestock) facilities at substation

*Copies: White-State, Yellow-Claimant*

10. Place a "D" for domestic and "S" for stockwater use in the corresponding place of use below.

| TWP | RNG | SEC | NE 1/4 | | | | NW 1/4 | | | | SW 1/4 | | | | SE 1/4 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | NE1/4 | NW1/4 | SW1/4 | SE1/4 | NE1/4 | NW1/4 | SW1/4 | SE1/4 | NE1/4 | NW1/4 | SW1/4 | SE1/4 | NE1/4 | NW1/4 | SW1/4 | SE1/4 |
| 2N | 37E | 27 | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |

11. In which county (ies) are lands listed above as place of use located? Bonneville

12. Do you own the property listed above as place of use? Yes ____ No X
If your answer is No, describe in Remarks below the authority you have to claim this water right.

13. Describe any other water rights used at the same place and for the same purposes as described above.
________________ or None (x )

14. Remarks: BPA and the City of Idaho Falls jointly use the Westside Substation land and facilities. Idaho Falls owns the land, and BPA built the substation and well and use the well for a lavatory and for irrigation of vegitation at the substation.

15. Basis of Claim (check one) Beneficial Use x Posted Notice ____ License ____ Permit ____
Decree ____
If applicable provide IDWR Water Right Number ________
Court ________ Case Number ________ Decree Date ________
Plaintiff vs Defendant ________

16. Signature (s)
(a.) By signing below, I/We acknowledge that I/We have received, read and understand the form entitled "How you will receive notice in the Snake River Basin Adjudication." (b.) I/We do ___ do not ___ wish to receive and pay a small annual fee for monthly copies of the docket sheet.
Number of attachments ______

**For Individuals:** I do solemnly swear or affirm that the statements contained in the foregoing document are true and correct.

Signature of Claimant (s) ________ Date ________

________ Date ________

**For Organizations:** I do solemnly swear or affirm that I am Director, Divisionof System Maintenace (Title) of Bonneville Power Administration (Organization), that I have signed the foregoing document in the space below as Director, System Maintenance (Title) of (Ross Complex) (Organization) and that the statements contained in the foregoing document are true and correct.

Signature of Authorized Agent *Frederick M. Johnson*

Title and Organization Director, Divisionof System Maintenance Bonneville Power Administration Date 10/13/89

State of Idaho/or *Oregon* )
) SS.
County of *Multnomah* )

Subscribed and sworn (or affirmed) before me this *13* day of *October* 19*89*

SEAL

Notary Public *William [illegible]*

Residing at *Portland, OR*

My Commission Expires *11/16/91*

Last Name ________ Ident No. ________

*Copies White-State, Yellow-Claimant*

**NOTICE OF CLAIM TO**

**WATER RIGHT NO. A36-13983**

Form No. 42-1409 (2) b 1/88

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

**IN RE THE GENERAL ADJUDICATION OF RIGHTS TO THE USE OF WATER FROM THE SNAKE RIVER BASIN WATER SYSTEM**

CIVIL CASE NUMBER: 39576
Ident. Number A36-13983
Date Received
Receipt Number

The foregoing is a true and certified copy of the document on file at the Department of Water Resources.
Signed this 2 day of July, 1990
David B. Shaw
Adjudication Bureau Chief

RECEIVED
OCT 23 1989
Department of Water Resources

# NOTICE OF CLAIM TO A WATER RIGHT

## ACQUIRED UNDER STATE LAW

For Domestic and/or Stockwater Purposes
Where Daily Use is less than 13,000 gallons per day. Filing fee $25

**Please type or print clearly**

1. Name of Claimant (s) Bonneville Power Administration Phone (503) 230-4201

   Mailing Address P.O. Box 3621, Portland, Oregon Zip 97208

2. Date of Priority (Only one (1) per claim) 1969

3. Source of water supply (a) well
   which is tributary to (b)

4. Location of point of diversion is: Township 10S Range 23S

   Section 15, ____ 1/4 of ____ 1/4 of ____ 1/4, Govt. Lot ____, B.M.,

   County of Minidoka (Heyburn Substation)

   Additional points of diversion if any:

5. Description of existing diversion works (Ditches, Wells, Pumps, Pipelines, Headgate Etc), including the dates of any changes or enlargements in use, the dimensions of the diversion works as constructed and as enlarged and the depth of each well. well at the BPA's Heyburn Substation used to serve the substation.

6. Water is claimed for the following: (Limited to Domestic and/or Stockwater only. See Instructions)
   (Both dates are inclusive) (cfs)
   For domestic (lavatory) purposes from 1969 to present amount < 1 (1/100, or 328 gal./hr)

   For ____ purposes from ____ to ____ amount ____

7. Total quantity claimed < 1 (cfs) (1/100 cfs)

8. Total consumptive use claimed is *de minimus*

9. Non-irrigation uses. Describe fully. (Domestic: give number of households served; Stockwater: Type and number of livestock)

*Copies: White-State, Yellow-Claimant*

10. Place a "D" for domestic and "S" for stockwater use in the corresponding place of use below.

| TWP | RNG | SEC | NE 1/4 | | | | NW 1/4 | | | | SW 1/4 | | | | SE 1/4 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | NE1/4 | NW1/4 | SW1/4 | SE1/4 | NE1/4 | NW1/4 | SW1/4 | SE1/4 | NE1/4 | NW1/4 | SW1/4 | SE1/4 | NE1/4 | NW1/4 | SW1/4 | SE1/4 |
| 10S | 23S | 15 | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |

11. In which county (ies) are lands listed above as place of use located? Minidoka

12. Do you own the property listed above as place of use? Yes X No ______
If your answer is No, describe in Remarks below the authority you have to claim this water right.

13. Describe any other water rights used at the same place and for the same purposes as described above.
______ or None ( X)

14. Remarks: Water is used for a lavatory at the Bonneville Power Administration's Minidoka Substation. In future, may be used for irrigation of vegetation at substation

15. Basis of Claim (check one) Beneficial Use x Posted Notice ______ License ______ Permit ______
Decree ______
If applicable provide IDWR Water Right Number ______
Court ______ Case Number ______ Decree Date ______
Plaintiff vs Defendant ______

16. Signature (s)
(a.) By signing below, I/We acknowledge that I/We have received, read and understand the form entitled "How you will receive notice in the Snake River Basin Adjudication." (b.) I/We do ___ do not ___ wish to receive and pay a small annual fee for monthly copies of the docket sheet.
Number of attachments ______

**For Individuals:** I do solemnly swear or affirm that the statements contained in the foregoing document are true and correct.

Signature of Claimant (s) ______ Date ______

______ Date ______

**For Organizations:** I do solemnly swear or affirm that I am Director,Div. of System Maintenance (Title) of Bonneville Power ADministration (Organization), that I have signed the foregoing document in the space below as Director, System Maintenance (Title) (Ross Complex) (Organization) and that the statements contained in the foregoing document are true and correct.

X Signature of Authorized Agent Frederick M. Johnson

Title and Organization Director, Div. ofSystem Main. Bonneville Power Administration Date 10/13/89

State of Idaho/or Oregon )
) SS.
County of Multnomah )

Subscribed and sworn (or affirmed) before me this 13 day of October 19 89

SEAL

Notary Public William W. Finney

Residing at Portland, OR

My Commission Expires 11/16/91

Last Name ______ Ident No. ______

*Copies White-State, Yellow-Claimant*

# NOTICE OF CLAIM TO
# WATER RIGHT NO. A86-10673

Form No. 42-1409 (2) b 1/88

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

**IN RE THE GENERAL ADJUDICATION OF RIGHTS TO THE USE OF WATER FROM THE SNAKE RIVER BASIN WATER SYSTEM**

CIVIL CASE NUMBER: 39576
Ident. Number A86-10673
Date Received
Receipt Number

The foregoing is a true and certified copy of the document on file at the department of Water Resources.
Signed this 2 day of July, 1990

David R. Shaw
Adjudication Bureau Chief

RECEIVED
OCT 23 1989
Department of Water Resources

# NOTICE OF CLAIM TO A WATER RIGHT

## ACQUIRED UNDER STATE LAW

For Domestic and/or Stockwater Purposes
Where Daily Use is less than 13,000 gallons per day. Filing fee $25

**Please type or print clearly**

1. Name of Claimant (s) Bonneville Power Administration Phone (503) 230 4201

   Mailing Address P.O. Box 3621, Portland, Oregon Zip 97208

2. Date of Priority (Only one (1) per claim) 1971

3. Source of water supply (a) well
   which is tributary to (b)

4. Location of point of diversion is: Township 37N Range 1E

   Section 29 & 30 1/4 of ____ 1/4 of ____ 1/4, Govt. Lot ____, B.M.,

   County of Clearwater

   Additional points of diversion if any:

5. Description of existing diversion works (Ditches, Wells, Pumps, Pipelines, Headgate Etc), including the dates of any changes or enlargements in use, the dimensions of the diversion works as constructed and as enlarged and the depth of each well.
   Well at BPA's Dworshak Substation, which is used for a lavatory and to irrigate vegetation at the substation.

6. Water is claimed for the following: (Limited to Domestic and/or Stockwater only. See Instructions)
   (Both dates are inclusive) (cfs)
   For Domestic purposes from 1971 to Present amount < 1 (1/100 cfs or 3.0 gal./min.)
   For ____ purposes from ____ to ____ amount ____

7. Total quantity claimed < 1 (cfs) (1/100 cfs or 3.0 gal./min.)

8. Total consumptive use claimed is *de minimus*

9. Non-irrigation uses. Describe fully. (Domestic: give number of households served; Stockwater: Type and number of livestock) Lavatory at substation

*Copies: White-State, Yellow-Claimant*

10. Place a "D" for domestic and "S" for stockwater use in the corresponding place of use below.

| TWP | RNG | SEC | NE 1/4 | | | | NW 1/4 | | | | SW 1/4 | | | | SE 1/4 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | NE1/4 | NW1/4 | SW1/4 | SE1/4 | NE1/4 | NW1/4 | SW1/4 | SE1/4 | NE1/4 | NW1/4 | SW1/4 | SE1/4 | NE1/4 | NW1/4 | SW1/4 | SE1/4 |
| 37N | 1E | 29 & 30 | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |

11. In which county (ies) are lands listed above as place of use located? Clearwater

12. Do you own the property listed above as place of use? Yes x No ______
If your answer is No, describe in Remarks below the authority you have to claim this water right.

13. Describe any other water rights used at the same place and for the same purposes as described above.
______ or None ( X)

14. Remarks: BPA uses water from the well for a lavatory and for irrigation purposes.

15. Basis of Claim (check one) Beneficial Use X Posted Notice ______ License ______ Permit ______ Decree ______
If applicable provide IDWR Water Right Number ______
Court ______ Case Number ______ Decree Date ______
Plaintiff vs Defendant ______

16. Signature (s)
(a.) By signing below, I/We acknowledge that I/We have received, read and understand the form entitled "How you will receive notice in the Snake River Basin Adjudication." (b.) I/We do ___ do not ___ wish to receive and pay a small annual fee for monthly copies of the docket sheet.
Number of attachments ______

**For Individuals:** I do solemnly swear or affirm that the statements contained in the foregoing document are true and correct.

Signature of Claimant (s) ______ Date ______

______ Date ______

**For Organizations:** I do solemnly swear or affirm that I am Director, Div. of System Maintenance (Title) of Bonneville Power Administration (Ross Complex) (Organization), that I have signed the foregoing document in the space below as Director, System Maintenance (Title) of (Ross Complex) (Organization) and that the statements contained in the foregoing document are true and correct.

X Signature of Authorized Agent *Frederick M. Johnson*

Title and Organization Director, Div. of System Main. Bonneville Power Administration Date 10/13/89

State of Idaho/or *Oregon* )
) SS.
County of *Multnomah* )

Subscribed and sworn (or affirmed) before me this *13* day of *October* 19*89*

SEAL

Notary Public *William W. Kinney*

Residing at *Portland, OR*

My Commission Expires *11/18/91*

Last Name ______ Ident No. ______

*Copies White-State, Yellow-Claimant*