ORIGINAL

IDWR Document Depository
PO Box 83720
Boise, ID 83720-0098

Chief Natural Resources Division
Office of the Attorney General
PO Box 44449
Boise, ID 83711-4449

United States Department of Justice
Environment & Natural Resources Div.
550 West Fort Street, MSC 033
Boise, ID 83724

DISTRICT COURT - SRBA
Fifth Judicial District
County of Twin Falls - State of Idaho

AUG 2 6 2014

By______________________
Clerk
______________________
Deputy Clerk

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | |
| | ) | |
| | ) | FINAL UNIFIED DECREE |
| Case No. 39576 | ) | |
| | ) | |
| ______________________ | ) | |

**I. PROCEDURE**

On June 17, 1987, the State of Idaho, ex rel. A. Kenneth Dunn in his official capacity as Director of the Idaho Department of Water Resources, filed a petition in the above-entitled Court seeking commencement of a "general adjudication inter se of all rights arising under state or federal law to the use of surface and ground waters from the Snake River basin water system and for the administration of such rights." *Petition* at 2. On November 19, 1987, this Court issued its *Commencement Order* thereby initiating the above-entitled general stream adjudication of all rights to the use of the waters of the Snake River Basin within the State of

Idaho pursuant to Idaho Code § 42-1406A (Supp. 1987).[1] The *Commencement Order* adopted by reference this Court's October 14, 1987, *Memorandum Opinion on Commencement of Adjudication* as "further findings of fact and further conclusions of law as permitted by I.R.C.P. 52(a)." *Commencement Order* at 4.

As set forth in the *Memorandum Opinion on Commencement of Adjudication*, Idaho Code § 42-1406A (Supp. 1987) required that the adjudication be commenced within the terms of the McCarran Amendment, 43 U.S.C. § 666. This Court determined that for the adjudication to come within the terms of the McCarran Amendment the entire Snake River Basin water system within the State of Idaho had to be adjudicated. This Court defined the entire Snake River Basin water system within Idaho as follows:

> Beginning at the point where the southern boundary line of the state of Idaho meets the western boundary line of the state of Idaho, then following the western boundary of the state north to the northern boundary of the Clearwater Basin, in Idaho, in section 36, T. 36 N., R. 6 W., B.M., then following the northern watershed divide of the Clearwater River Basin north and east to the eastern boundary of the state of Idaho in section 4, T. 42 N., R. 11 E., B.M., then following the eastern boundary of the state southeast to the northern boundary of the Bear River Basin in section 35, T. 10 S., R. 46 E., B.M., then following the northern watershed divide of the Bear River Basin, in Idaho, southwest to the southern boundary of the state of Idaho in section 26, T. 16 S., R. 28 E., B.M., then following the southern boundary line of the state of Idaho west to the point of beginning.

*Commencement Order* at 5. A map showing the boundaries of the Snake River Basin water system is attached for illustrative purposes as Attachment 1, as required by Idaho Code § 42-1413 (2003). The following counties are wholly located within the boundaries of the Snake River Basin water system:

| | | | |
|---|---|---|---|
| Ada | Canyon | Idaho | Owyhee |
| Adams | Clark | Jefferson | Payette |

[1] Idaho Code § 42-1406A was added by section 1 of chapter 18, 1985 Idaho Sess. L. at 28. Section 42-1406A was subsequently amended by section 11 of chapter 454, 1994 Idaho Sess. L. at 1452-53, and now appears as an uncodified law in the 1994 Idaho Session Laws.

| | | | |
|---|---|---|---|
| Bingham | Clearwater | Jerome | Teton |
| Blaine | Custer | Lemhi | Twin Falls |
| Boise | Elmore | Lewis | Valley |
| Bonneville | Fremont | Lincoln | Washington |
| Butte | Gem | Madison | |
| Camas | Gooding | Minidoka | |

*Commencement Order* at 5. The following counties are partly located within the boundaries of the Snake River Basin water system:

| | |
|---|---|
| Bannock | Nez Perce |
| Caribou | Oneida |
| Cassia | Power |
| Latah | Shoshone |

*Id.* at 6.

The *Commencement Order* also determined that "all classes of water uses . . . within the water system [must] be adjudicated as part of the Snake River Basin adjudication." *Id.* At 6. On January 17, 1989, however, this Court entered its *Findings of Fact, Conclusions of Law, and Order Establishing Procedures for Adjudication of Domestic and Stock Water Uses* that allowed claimants of *de minimis* domestic and stock water rights, as defined in Idaho Code § 42-1401A(5) and (12) (Supp. 1988), to elect to defer adjudication of their claims; provided, all such claimants "shall be joined as parties in this proceeding and will be bound by all decrees entered in this case, including the final decree." *Findings of Fact* at 3.

The *Commencement Order* directed the Director of the Idaho Department of Water Resources ("Director"): 1) to investigate the water system as provided in Idaho Code § 42-1410 (Supp. 1987); 2) to prepare the notice of order commencing a general adjudication containing that information required by Idaho Code § 42-1408A(1) (Supp. 1987); 3) to serve notice of the order commencing a general adjudication in accordance with chapter 14, title 42, Idaho Code; and 4) to file with this Court affidavits and other documents stating the

persons served with a notice of order commencing the adjudication. *Commencement Order* at 7-8.

Based upon the claims submitted; the files and records of the Idaho Department of Water Resources and the Court; the examination of the ditches, diversions, lands irrigated, and other uses of water within the water system; the Director's Reports and evidence herein, this Court enters the following findings of fact and conclusions of law:

## II. FINDINGS OF FACT

1. All requirements for joinder of the United States as a party under state and federal law, including but not limited to 43 U.S.C. § 666, have been satisfied.

2. The Nez Perce Tribe participated in this proceeding by filing notices of claim for water rights reserved under federal law and by filing a general notice of appearance with the Court. *Notice of Claim to a Water Right Reserved Under Federal Law* (filed with Dept. of Water Res. March 25, 1993); *Notice of Appearance* (March 18, 1993).

3. The Northwestern Band of the Shoshoni Nation participated in this proceeding by filing notices of claim for water rights reserved under federal law and by filing a general notice of appearance with the Court. *Partial Protective Filing by the Northwestern Band of the Shoshoni Nation of Notices of Claim for Water Rights Reserved Under Federal Law* (filed with Dept. of Water Res. March 25, 1993); *Notice of Appearance on Behalf of the Northwestern Band of the Shoshoni Nation* (March 22, 1993).

4. The Shoshone-Bannock Tribes sought and were granted intervention in this proceeding. *Order Granting Permissive Intervention by the Shoshone-Bannock Tribes* (April 12, 1993).

5. The Shoshone-Paiute Tribes of the Duck Valley Indian Reservation sought and were granted intervention in this proceeding. *Motion to Intervene and Request for Expedited Hearing* (SRBA Consolidated Subcase No. 51-12756, Jan. 12, 1999); *Order Granting Tribes' Motion to Intervene, Order Requiring Written Status Reports and Order for Scheduling Conference Reports* (SRBA Subcases Nos. 51-12756 et al., Dec. 6, 1999).

6. The Director served notice of the commencement of the Snake River Basin Adjudication ("SRBA") in accordance with chapter 14, title 42, Idaho Code and the orders of this Court. This included service of the notice of commencement on the State of Idaho and the United States; service of the notice of commencement on all other persons by publication; service of the notice of commencement by posting in each county courthouse, county recorder's office and county assessor's office in which any part of the water system is located; service of the notice of commencement by mail on each person listed as owning real property on the real property assessment roll within the boundaries of the Snake River Basin water system; and filing of a copy of the notice of commencement in the office of the county recorder in each county in which any part of the water system is located.

7. In addition to the steps taken in paragraph 6, the Idaho Department of Water Resources also served notices of commencement on persons who may have used water within the water system, but were not listed as owners of real property. The sources of information the Idaho Department of Water Resources reviewed for this purpose were: 1) water right records of the Idaho Department of Water Resources for each basin wholly or partly within the water system; 2) cooperating farm/ranch operator records of the United States Department of Agriculture, Agricultural Stabilization and Conservation Service for each basin wholly or partly within the water system; and 3) mining claim records on federal

land of the United States Department of Interior, Bureau of Land Management for each basin wholly or partly within the water system.

8. The Director has completed an examination of the Snake River Basin water system and submitted Director's Reports to this Court in conformance with the requirements of chapter 14, title 42, Idaho Code and the orders of this Court.

9. As required by title 42, chapter 14, Idaho Code and this Court's orders, claims to water rights arising under state or federal law to the use of the surface and ground waters from the Snake River Basin water system have been adjudicated resulting in the issuance of partial decrees that have been certified as final pursuant to I.R.C.P. 54(b).[2]

10. Idaho Code § 42-1412(8) (2003) provides that: "Upon resolution of all objections to water rights acquired under state law, to water rights established under federal law, and to general provisions, and after entry of partial decree(s), the district court shall combine all partial decrees and the general provisions into a final decree." The Court finds that the conditions of Idaho Code § 42-1412(8) (2003) have been met with respect to the water rights identified in Attachments 2, 4, 5 and 6 and the general provisions in Attachment 3, enabling the Court to issue this Final Unified Decree.

## III. CONCLUSIONS OF LAW

1. The SRBA is a general stream adjudication *inter se* of all water rights arising under state or federal law to the use of surface and ground waters from the Snake River Basin water system and for the administration of such rights.

2. The State of Idaho is a party to this proceeding.

---

[2] At the time of entry of this Final Unified Decree there are a total of 103 subcases pending final resolution. A separate *Order Regarding Subcases Pending Upon Entry of Final Unified Decree* is being entered contemporaneously herewith, which provides for the continued processing of the subcases listed therein.

3. The Director was withdrawn as a party to this proceeding in 1994. Idaho Code § 42-1401B (2003); *State of Idaho, ex rel. Higginson v. United States*, 128 Idaho 246, 256-57, 912 P.2d 614, 624-25 (1995).

4. The United States is a party to this proceeding under 43 U.S.C. § 666.

5. This Final Unified Decree is conclusive as to the nature and extent of all rights of the United States to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987, including, but not limited to, water rights held by the United States in trust for any Indian tribe, except for those water rights expressly exempted by Idaho Code § 42-1420 (2003) or by order of this Court.

6. The Nez Perce Tribe, the Northwestern Band of the Shoshoni Nation, the Shoshone-Bannock Tribes, and the Shoshone-Paiute Tribes of the Duck Valley Indian Reservation are parties to this proceeding.

7. The *Consent Decree Approving Entry of Partial Final Decrees Determining the Rights of the United States as Trustee for the Benefit of the Nez Perce Tribe and the Nez Perce Tribe to the Use of Water in the Snake River Basin within Idaho and Partial Final Decrees Determining Minimum Stream Flow Water Rights Held by the Idaho Water Resources Board* with its six attachments dated January 30, 2007 (*"Nez Perce Consent Decree"*), is included in Attachment 4 and is hereby incorporated into this Final Unified Decree by reference. The *Nez Perce Consent Decree* is conclusive as to the nature and extent of all rights of the Nez Perce Tribe to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987, except for those water rights expressly exempted by Idaho Code § 42-1420 (2003) or by order of this Court.

8. The *Revised Partial Final Consent Decree Determining the Rights of the Shoshone-Bannock Tribes to the Use of Water in the Upper Snake River Basin*, dated August 13, 2014 ("*Shoshone-Bannock Consent Decree*"), is included in Attachment 4 and is hereby incorporated into this Final Unified Decree by reference. The *Shoshone-Bannock Consent Decree* is conclusive as to the nature and extent of all rights of the Shoshone-Bannock Tribes to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987, except for those water rights expressly exempted by Idaho Code § 42-1420 (2003) or by order of this Court.

9. The *Revised Consent Decree Approving Entry of Partial Decrees Determining the Rights of the United States as Trustee for the benefit of the Shoshone-Paiute Tribes to the Use of Water in the Snake River Basin within Idaho* with its three attachments, dated December 12, 2006 ("*Shoshone-Paiute Consent Decree*"), is included in Attachment 4 and is hereby incorporated into this Final Unified Decree by reference. The *Shoshone-Paiute Consent Decree* is conclusive as to the nature and extent of all rights of the Shoshone-Paiute Tribes of the Duck Valley Indian Reservation to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987, except for those water rights expressly exempted by Idaho Code § 42-1420 (2003) or by order of this Court.

10. This Final Unified Decree is conclusive as to the nature and extent of all rights of the Northwestern Band of the Shoshoni Nation to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987, except for those water rights expressly exempted by Idaho Code § 42-1420 (2003) or by order of this Court.

11. Claimants in each of the SRBA basins received notice of the commencement of the SRBA in accordance with chapter 14, title 42, Idaho Code and orders of this Court. These notice procedures satisfy constitutional due process requirements. *LU Ranching Co. v. U.S.*, 138 Idaho 606 (2003).

## IV. ORDER

NOW THEREFORE this Court ORDERS, ADJUDGES AND DECREES as follows:

1. This Final Unified Decree is conclusive as to the nature and extent of all water rights within the Snake River Basin within the State of Idaho with a priority date prior to November 19, 1987, except the following described water rights shall not be lost by failure to file a notice of claim, as provided in Idaho Code § 42-1420 (2003):

   a. Any domestic and stock water right, as defined in Idaho Code § 42-111 (1990), Idaho Code § 42-1401A(5) (1990), and Idaho Code § 42-1401A(12) (1990), the adjudication of which was deferred in accordance with this Court's June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims*;

   b. A water right application for permit filed under chapters 2 or 15, title 42, Idaho Code;

   c. A water right permit issued under chapters 2 or 15, title 42, Idaho Code, unless the Director required the permit holder to file a notice of claim in accordance with subsection (7) of section 42-1409, Idaho Code;

   d. A water right license issued under chapters 2 or 15, title 42, Idaho Code, if proof of beneficial use was not filed with the Department of Water Resources

before November 19, 1987, unless the Director required the license holder to file a notice of claim in accordance with subsection (7) of section 42-1409, Idaho Code; and

e. A claim to a water right under federal law, if the priority of the right claimed is later than November 18, 1987.

All other water rights with a priority before November 19, 1987, not expressly set forth in this Final Unified Decree are hereby decreed as disallowed.[3] Any water rights with a priority date subsequent to November 18, 1987, were not required to be claimed in the SRBA, but to the extent any such water rights were claimed in the SRBA and a partial decree issued, the partial decree is conclusive as to the nature and extent of the right.

2. All partial decrees issued by this Court are set forth in Attachments 2 and 4 to this Final Unified Decree and are incorporated herein by reference.

3. Attachment 2 consists of a name index and a copy of all partial decrees issued by this Court.

4. General provisions decreed by this Court are set forth in Attachment 3 to this Final Unified Decree and are incorporated herein by reference.

5. Attachment 4 consists of the federal and tribal reserved water rights partially decreed and/or otherwise memorialized in a consent decree issued in conjunction with the approval of a federal reserved water right settlement, including all consent decrees and all attachments thereto; all partial decrees issued by this Court as part of the respective settlements; and all Federal, State and/or Tribal legislation necessary to enact and approve the water right settlements. In the case of any conflict between this Final Unified Decree and the partial

---

[3] Excepting those claim numbers listed in the *Order Regarding Subcases Pending Upon Entry of Final Unified Decree* entered contemporaneously herewith.

consent decrees approving reserved water right settlements, the partial consent decrees approving the reserved water right settlements as set forth in Attachment 4 shall control.

6. All claims to water rights filed in this proceeding that were decreed disallowed by this Court are set forth in Attachment 5 to this Final Unified Decree and are incorporated herein by reference.

7. The water right numbers for those water rights of record with the Idaho Department of Water Resources that were required to be claimed but were not claimed in this proceeding and therefore were decreed disallowed by this Court are set forth in Attachment 6 and are incorporated herein by reference. The portion of any disallowed water right that was deferrable pursuant to this Court's June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims* is not affected by this paragraph.

8. This Final Unified Decree is binding against all persons including any persons that deferred filing of domestic and/or stock water claims pursuant to this Court's June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims*, which is set forth in Attachment 7 to this Final Unified Decree and is incorporated herein by reference.

9. The adjudication of deferred domestic and stock water claims and the administration of such rights prior to their adjudication shall be governed by this Court's June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims* and applicable state law.

10. All water rights based on beneficial uses, licenses, permits, posted notices, and statutory claims required to be claimed in this proceeding are superseded by this Final

Unified Decree. Provided, however, this Final Unified Decree does not supercede the third-party beneficiary contractual rights conferred on certain classes of water rights pursuant to the "Contract to Implement Chapter 259, Sess. Law 1983" as authorized by 1983 Idaho Sess. Laws 689 and codified as Idaho Code § 61-540 (2002). The scope of third-party beneficiaries and contract rights are defined in this Court's *Order on State of Idaho's Motion for Partial Summary Judgment on Issue No. 2.* Subcase No. 00-91013 (Basin-Wide Issue 13) (July 12, 2011) included as Attachment 9.

11. All prior water right decrees and general provisions within the Snake River Basin water system are superseded by this Final Unified Decree except as expressly provided otherwise by partial decree or general provisions of this Court.

12. This Final Unified Decree shall not be construed to define, limit or otherwise affect the apportionment of benefits to lands within an irrigation district pursuant to chapter 7, title 43, Idaho Code.

13. This Final Unified Decree shall not be construed to supersede or affect otherwise the following: 1) any administrative changes to the elements of a water right completed after the entry of a partial decree but prior to the entry of this Final Unified Decree; or 2) elements of a water right defined by a license where, in accordance with Idaho Code § 42-1421(3) (2003), a partial decree was issued based on a permit prior to the issuance of the license.

14. The time period for determining forfeiture of a partial decree based upon state law shall be measured from the date of issuance of the partial decree by this Court and not from the date of this Final Unified Decree. State law regarding forfeiture does not apply to partial decrees based upon federal law.

15. The decreed water rights shall be administered in the Snake River Basin water system in accordance with this Final Unified Decree and applicable federal, state and tribal law, including the administrative provisions set forth in the federal reserved water right settlement agreements in Attachment 4.

16. Nothing in this Final Unified Decree shall be interpreted or construed as exempting the holder of a decreed water right based on state law from exercising or changing such right in compliance with applicable Idaho law.

17. This Court retains jurisdiction of this proceeding to: a) resolve any issues related to the Final Unified Decree that are not reviewable under the Idaho Administrative Procedures Act and/or the rules of the Idaho Department of Water Resources; b) adjudicate any domestic or stock water rights deferred under this Court's June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims*; and c) enter partial decrees, orders of disallowance, or other final determination for the pending subcases listed in the *Order Regarding Subcases Pending Upon Entry of Final Unified Decree* entered contemporaneously herewith. Any order amending or modifying this Final Unified Decree, including the attachments hereto, will be entered on the register of action for Civil Case No. 39576 in the District Court of the Fifth Judicial District of the State of Idaho, in and for the County of Twin Falls, and will be filed with the Idaho Department of Water Resources in lieu of issuing an Amended Final Unified Decree. Attachment 8 contains instructions on how to access any orders amending this Final Unified Decree.

18. The incorporation by reference of partial decrees and orders of this Court contained in the Attachments to this Final Unified Decree does not constitute a reissuance of such partial decrees and orders.

19. This Final Unified Decree, including the entirety of Attachments 1 through 10 listed below, shall be entered in the records of the clerk of the District Court for the Fifth Judicial District of the State of Idaho, in and for the County of Twin Falls.

| | |
|---|---|
| Attachment 1 | Snake River Basin Water System Map. |
| Attachment 2 | Partially Decreed Water Rights, including a name index, consisting of 770 pages. |
| Attachment 3 | General Provisions, consisting of 113 pages. |
| Attachment 4 | Federal and Tribal Reserved Water Right Settlements, including all Consent Decrees and all Attachments thereto, all Partial Decrees issued by this Court as part of the Respective Settlements, and all Federal, State and/or Tribal Legislation Necessary to Enact and Approve the Water Right Settlements consisting of 2,857 pages. |
| Attachment 5 | List of Water Right Numbers for Filed Water Right Claims Decreed as Disallowed consisting of 66 pages. |
| Attachment 6 | List of Water Right Numbers for Unclaimed Water Rights Decreed as Disallowed consisting of 24 pages. |
| Attachment 7 | June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims* consisting of 6 pages. |
| Attachment 8 | Instructions on Searching the Final Unified Decree consisting of 5 pages. |
| Attachment 9 | *Order on State of Idaho's Motion for Partial Summary Judgment on Issue No. 2.* Subcase No. 00-91013 (Basin-Wide Issue 13) (July 12, 2011). |
| Attachment 10 | *Register of Actions*, Twin Falls County Case No. 39576 (i.e., SRBA Main Case). |

20. A certified paper and electronic copy of the entire Final Unified Decree shall be provided to the Director. The Director shall record the Final Unified Decree excluding all

Attachments other than Attachments 7 and 8 in the office of the county recorder of each county in which the place of use or point of diversion of any individual decreed water right in the Final Unified Decree is located. The Director shall maintain a copy of the Final Unified Decree for public inspection.

DATED this 25th day of August, 2014.

Eric J. Wildman

ERIC J. WILDMAN
Presiding Judge
Snake River Basin Adjudication

# ATTACHMENT 1

SNAKE RIVER BASIN WATER SYSTEM MAP consisting of 1 page.

# ATTACHMENT 2

## PARTIALLY DECREED WATER RIGHTS, INCLUDING A NAME INDEX AND A WATER RIGHT NUMBER INDEX (water right number index in electronic copy only).

TABLE OF CONTENTS


1. NAME INDEX Pages 1 to 770
2. WATER RIGHT NO. INDEX (electronic copy only)
3. PARTIAL DECREES Beginning Page 771

# ATTACHMENT 3

GENERAL PROVISIONS
consisting of 113 pages.

# ATTACHMENT 4

FEDERAL AND TRIBAL RESERVED WATER RIGHT SETTLEMENTS, INCLUDING ALL CONSENT DECREES AND ALL ATTACHMENTS THERETO, ALL PARTIAL DECREES ISSUED BY THIS COURT AS PART OF THE RESPECTIVE SETTLEMENTS, AND ALL FEDERAL, STATE AND/OR TRIBAL LEGISLATION NECESSARY TO ENACT AND APPROVE THE WATER RIGHT SETTLEMENTS CONSISTING OF 2,857 PAGES.

# TABLE OF CONTENTS FOR ATTACHMENT 4


| | Page |
|---|---|
| *Revised Partial Final Consent Decree Determining the Rights of the Shoshone-Bannock Tribes to the Use of Water in the Upper Snake River Basin*, dated August 13, 2014. | 1 |
| *The 1990 Fort Hall Indian Water Rights Agreement by and between the Shoshone Bannock Tribes of the Fort Hall Indian Reservation, the State of Idaho, the United States, and Certain Idaho Water Users,* dated July 5, 1990. | 211 |
| *Public Law 101-602, 104 Stat. 3059* (November 16, 1990). | 288 |
| *Chapter 228, 1991 Idaho Sess. L. 547.* | 293 |
| *H.C.R. No. 16, 1985 Idaho Sess. L. 745.* | 294 |
| *Resolutions of the Business Council of the Shoshone-Bannock Tribes,* dated June 15, 1990; July 5, 1990; and June 14, 1991. | 295 |
| *Revised Consent Decree Approving Entry of Partial Decrees Determining the Rights of the United States as Trustee for the Benefit of the Shoshone-Paiute Tribes to the Use of Water in the Snake River Basin within Idaho*, dated December 12, 2006. | 300 |
| *Consent Decree Approving Entry of Partial Final Decrees Determining the Rights of the United States as Trustee for the Benefit of the Nez Perce Tribe and the Nez Perce Tribe to the Use of Water in the Snake River Basin within Idaho and Partial Final Decrees Determining Minimum Stream Flow Water Rights Held by the Idaho Water Resources Board*, dated January 30, 2007. | 669 |
| *Snake River Water Rights Act of 2004, Pub. L. 108-447, Division J, Title X* (December 8, 2004). | 2523 |
| *Chapter 148, 2005 Idaho Sess. L. 461.* | 2534 |
| *Chapter 149, 2005 Idaho Sess. L. 462-465.* | 2535 |
| *Chapter 150, 2005 Idaho Sess. L. 465-466.* | 2539 |
| *Nez Perce Tribal Resolution No. 05-210* (March 29, 2005). | 2541 |

*Water Rights Agreement Between the State of Idaho and the United States for the Craters of the Moon National Monument* (May 13, 1992); *Orders of Partial Decree* entered Dec. 1, 1998 (Subcase Nos. 34-12383, 34-12384, 34-12385, 34-12386, 34-12387, 34-12388, and 34-12389). 2545

*Water Rights Agreement Between the State of Idaho and the United States for the United States Department of Energy* (July 20, 1990); *Order of Partial Decree* entered *nunc pro tunc* June 20, 2003 (Subcase No. 34-10901). 2600

*Order Approving Stipulation and Entry of Basin 79 Partial Decrees* (Subcase No. 79-13597, Hells Canyon National Recreation Area Act Claims, Nov. 16, 2004). 2643

*Order Approving Entry of Basin 78 Partial Decrees,* dated May 2, 2005 (Consolidated Subcase No. 79-13597 Hells Canyon National Recreation Area Act Claims (Encompassing Subcases 79-14054 through 79-14079 and Subcases 78-12200 through 78-12205). 2753

*Amended Order Approving Stipulation and Entry of Partial Decrees* (Consolidated Subcase No. 75-13316 (Wild & Scenic Rivers Act Claims, Nov. 17, 2004). 2781

*Order of Partial Decree on Uncontested Federal Water Right Claims,* dated February 28, 2012 (Water Rights Agreement Between the State of Idaho and the United States for Yellowstone National Park). 2822

# ATTACHMENT 5

## LIST OF WATER RIGHT NUMBERS FOR FILED WATER RIGHT CLAIMS DECREED AS DISALLOWED consisting of 66 pages.

The disallowed water right numbers listed in Attachment 5 fall into two categories: (1) water right numbers where the actual claimed use of water was adjudicated to be disallowed; and (2) water right numbers where the water right was split subsequent to the filing of the director's report, with the claimed use of water being decreed under the water right numbers for the "children" rights, and the number for the "parent" right having been decreed disallowed for purposes of closing the subcase number in the court's register of action. Please consult the Idaho Department of Water Resources for further inquiry regarding any of the disallowed water right numbers listed in Attachment 5.

# ATTACHMENT 6

LIST OF WATER RIGHT NUMBERS FOR UNCLAIMED WATER RIGHTS DECREED AS DISALLOWED consisting of

24 pages.

# ATTACHMENT 7

June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims* consisting of 6 pages.

# ATTACHMENT 8

INSTRUCTIONS ON SEARCHING THE FINAL UNIFIED DECREE consisting of 5 pages.

# ATTACHMENT 9

*Order on State of Idaho's Motion for Partial Summary Judgment on Issue No. 2.* Subcase No. 00-91013 (Basin-Wide Issue 13) (July 12, 2011)

# ATTACHMENT 10

*Register of Actions*, Twin Falls Case No. 39576 (i.e., SRBA Main Case)